UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VAS REAL ESTATE NO. 1, LLC, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:10CV136 JCH |
| CENTURY SURETY COMPANY (INC), | ) |
| Defendant(s). | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff VAS Real Estate No. 1, LLC's Motion to Remand, filed February 5, 2010. (Doc. No. 7). The matter is fully briefed and ready for disposition.

# BACKGROUND

In early 2009, Mark Gladney, Sr., and Mark Gladney, Jr., by and through his next friend Mark Gladney, Sr., brought suit against Plaintiff VAS Real Estate No. 1, LLC ("VAS"), in the Circuit Court of the City of St. Louis, Missouri. (Second Amended Petition, attached to Defendant's Notice of Removal as Exh. F).[1] As it relates to VAS, the underlying Petition alleges negligence per se, common law negligence, breach of implied warranty, and negligent misrepresentation. (Id., ¶¶ 8-42, 64-70). The claims founding the underlying suit stem from injuries allegedly suffered by the Gladneys as a result of the existence of lead paint in an apartment owned by VAS and leased as a residence to Gladney, Sr. (Id., ¶¶ 9-25). The underlying Plaintiffs seek actual damages "in excess of $25,000," and an additional "sum of $1,000,000 for punitive damages." (Id., p. 12).

At all relevant times, VAS had insurance coverage through Defendant Century Surety Company (Inc) ("Century"), under policy no. CCP372133, renewal of CCP315444. (Petition-

---

[1] The suit, cause number 0822-AC09420, remains pending in St. Louis City.

Declaratory Judgment, ¶ 2 ("Petition" or "Pet.")). Following the initiation of the underlying suit, VAS filed a claim with Century, seeking indemnification under the insurance policy. (Id., ¶ 7). The claim was denied by Century, however, pursuant to a policy exclusion relating to asbestos and lead. (Id., ¶¶ 8-10). VAS contends the exclusion is not applicable to at least some of the claims in the underlying case. (Id., ¶¶ 13-15).

Plaintiff VAS filed its Petition for Declaratory Judgment in the Circuit Court of the County of St. Louis, Missouri, on or about December 9, 2009. (Notice of Removal, ¶ 1). In its petition, VAS seeks a declaration that Century is responsible for providing insurance coverage and defense in the underlying lawsuit pursuant to the above referenced insurance policy. (Pet., P. 3).

On January 25, 2010, Century removed VAS's action to this Court pursuant to 28 U.S.C. § 1441, *et. seq.* (Notice of Removal). Century asserts this Court's jurisdiction pursuant to 28 U.S.C. § 1332, claiming there exists complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Id., ¶ 5). As stated above, VAS filed the instant Motion to Remand on February 5, 2010, claiming this Court lacks jurisdiction under § 1332 because the amount in controversy, exclusive of interest and costs, does not exceed $75,000. (Plaintiff's Motion to Remand, ¶¶ 4-11).

## **DISCUSSION**

"'It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party.'" Riffert v. Walgreen Co., 2008 WL 495643, *1 (E.D. Mo. Feb. 20, 2008) (quoting Rolwing v. NRM Corp., 2005 WL 1828813, *2 (E.D. Mo. Aug. 2, 2005)). Federal courts strictly construe the amount in controversy requirement to limit the federal courts' diversity caseload, and resolve all doubts about federal jurisdiction in favor of remand. Logan v. Value City Dept. Stores, LLC, 2008 WL 1914168, *1 (E.D. Mo. Apr. 28, 2008) (citation omitted);

In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Further, the Eighth Circuit has held that where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2003) (citing Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000)). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted).

"'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). With respect to actions that involve the applicability of an insurance policy to a particular occurrence, "the jurisdictional amount in controversy is measured by the value of the underlying claim--not the face amount of the policy." Fainer v. State Farm Mut. Auto. Ins. Co., 2009 WL 911724, *2 (E.D. Mo. Apr. 1, 2009) (internal quotations and citations omitted).[2] Furthermore, "[w]hile attorney's fees and/or defense costs are not normally considered when determining the amount in controversy, they are included in the amount in controversy (1) when provided by contract, (2) when provided by a statute that expressly mandates or allows the payment of such fees, and (3) *when an insurance company will have to pay the underlying defense costs of the insured*." Grange Mut. Cas. Co. v. Safeco Ins. Co. of America, 565

---

[2] Punitive damages are included in a consideration of the amount in controversy. Bell v. Preferred Life Assur. Soc. of Montgomery, Ala., 320 U.S. 238, 240 (1943).

F.Supp.2d 779, 784 (E.D. Ky. 2008) (emphasis added) (citations omitted). As a result, where a party seeks both insurance coverage and the cost of defense, the aggregate of these amounts represents the value of the object of the litigation. Id. at 784-785.

In the instant case, as noted above VAS seeks both insurance coverage and the cost of defending the underlying suit. (Pet., P. 3). Although the underlying Petition does not seek a specific amount in actual damages, instead demanding an amount "in excess of $25,000," the underlying Plaintiffs seek $1,000,000 in punitive damages. (Second Amended Petition, P. 12). Further, as Century points out, it is alleged that Mark Gladney, Jr., "suffered and will continue to suffer, severe and permanent damage and pain and suffering." (Id., ¶ 22). When combined with the costs of defending the underlying suit, which neither Century nor VAS attempts to quantify, it is clear that the value of the object of this litigation reasonably could exceed $75,000. See Fainer, 2009 WL 911724, *2 (citation omitted) ("The jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are.").[3]

---

[3] In response to Century's valuation of the underlying claim, VAS submitted both a demand letter dated December 29, 2009, in which the Gladney Plaintiffs offered to settle the underlying suit for $50,000, and an unverified statement as to a purported settlement in the underlying litigation, for the sum of $23,000. With respect to the demand letter, the Court notes that while settlement demands at times are considered by courts in determining the value of the litigation, see Ray v. American Airlines, Inc., 2008 WL 3992644 (W.D. Ark. Aug. 22, 2008), the letter at issue here represented an attempt to quantify only the potential damages in the underlying suit; it did not address VAS's properly recoverable defense costs. With respect to the notice of settlement, in addition to failing to address the costs of defense, the Court notes that in determining the amount in controversy, "[i]t is the situation at the time of removal which is determinative." Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969) (citation omitted). "'Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" Grange, 565 F.Supp.2d at 783 (quoting Saint Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938)).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 7) is **DENIED**.


Dated this 29th day of April, 2010.


                                                /s/ Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE